# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01–00099-CV

**Hon. Tommy Thomas, Sheriff of Harris County, Texas, Appellant**

**v.**

**Hon. John Cornyn, Attorney General of Texas; Janette Rodrigues; and the Houston Chronicle Publishing Company, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. GN003457, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING

Sheriff Tommy Thomas appeals a judgment of the district court issuing a writ of mandamus ordering him to produce information relating to excessive use of force complaints against the sheriff's department. The information was requested by Janette Rodrigues, a reporter with the Houston Chronicle,[1] under the authority of the Texas Public Information Act. Tex. Gov't Code Ann. §§ 552.001-.353 (West 1994 & Supp. 2002).[2] We will modify the judgment of the trial court, and affirm it as modified.

---

[1] We will refer to Janette Rodrigues and the Houston Chronicle Publishing Company collectively as the "Chronicle."

[2] The Texas Public Information Act was formerly known as the Texas Open Records Act. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1035, § 1, 1995 Tex. Gen. Laws 5127. At times, we use the older terminology "open records request" and "open records decision" in this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2000, the Houston Chronicle submitted the following open records request to the Harris County Sheriff's Department:

Records/reports on excessive use of force complaints filed by civilians, and or prisoners, against the Harris County Sheriff's Department, and or [sic] any of its employees, from 1995 through 2000 in database form.

The department sought an open records determination from the attorney general on the request, asserting that the information was excepted from disclosure by the litigation and law enforcement exceptions under the Act.[3] In its brief to the attorney general, the department listed nine lawsuits involving the use of force that it claimed were pending against the department and attached a representative sample of the information requested, including an Internal Affairs Division investigation file ("IAD file"), and an individual prisoner file of an inmate in the Harris County Jail. In a letter ruling, the attorney general determined that while some of the responsive information was excepted from disclosure under the litigation exception, "completed reports,"[4] expressly made public under the Act, and "basic information," deemed public by *Houston Chronicle Publishing Co. v. City of Houston*, were public information that must be released. 531 S.W.2d 177, 186-87 (Tex. Civ.

---

[3] *See* Tex. Gov't Code Ann. §§ 552.103, .108. The sheriff also raised the exceptions in sections 552.111 (agency memoranda); 552.101 (information confidential by other law); and 552.117 (personal information relating to peace officers) but does not pursue these exceptions on appeal. *See* Tex. Gov't Code Ann. §§ 552.111, .101, .117 (West 1994).

[4] Under section 552.022(a)(1), completed reports of an agency are expressly made public and are not subject to the Texas Public Information Act's exceptions from disclosure. *See* Tex. Gov't Code Ann. § 522.022(a)(1) (West 2002); *In re City of Georgetown*, 53 S.W.3d 328, 331 (Tex. 2001).

App.—Houston [14th Dist.] 1975) ("*Chronicle I*") (holding that certain information on police blotter, show up and arrest sheets, and "front page" of offense report are public information), *writ ref'd n.r.e.*, 536 S.W.2d 559 (Tex. 1976) (per curiam); *see also* Tex. Gov't Code Ann. § 552.108(c) (West Supp. 2002) (law enforcement exception does not apply to basic information about an arrest). "Basic information" includes an arrestee's name, alias, social security number, race, sex, age, occupation, physical condition, name of arresting officer, and the charge, as well as a detailed description of the offense. Tex. Att'y Gen. ORD-127 (1976). The attorney general also determined that the law enforcement exception did not apply to any of the responsive information, and that certain information relating to medical records and polygraph tests must be redacted before the records were released.

The sheriff disagreed and sought a declaratory judgment under sections 552.325 and 552.353 of the Act against the attorney general that the information was not subject to disclosure. The sheriff and the attorney general agreed to a protective order in which the requested information would be made available to the attorney general for the purpose of trial preparation and to the court for *in camera* inspection if submitted as evidence at trial.[5] To date, with the exception of the sample information submitted to the attorney general, the sheriff has not released any of the requested information to the opposing side or for *in camera* inspection by the court as agreed to in the protective order.

---

[5] The protective order provided that the sheriff did not have to make available the information submitted to the attorney general in support of the litigation exception. This information consisted of a petition from one of the nine lawsuits the sheriff claimed were pending against the department.

The Chronicle intervened in the suit seeking a declaratory judgment that the records were public and a writ of mandamus to compel the sheriff to release the information. The sheriff filed a plea to the jurisdiction and a motion to abate the mandamus action. At the hearing on the mandamus, the court denied the plea to the jurisdiction and the motion to abate and granted the Chronicle's request for mandamus and attorney's fees. The court also made a conditional award of attorney's fees to the attorney general in the event the case was appealed. The sheriff offered *no evidence* at the hearing. The court's mandamus order stated, in pertinent part:

\* \* \*

ORDERED that Sheriff Thomas shall produce, or make available for inspection and copying, all records in his possession relating to each and every complaint concerning excessive force incidents or use of force complaints involving any deputy or employee of the Harris County Sheriff's Department for the period from 1995-2000, including without limitation (a) incident reports maintained under Texas Administrative Code § 269.1(3), (b) Internal Affairs Division Reports ("IAD Reports") for any incident involving the use-of-force and (c) any other record, document or information, in whatever form, that contains "basic information" on an incident or complaint involving the use of force or excessive force. . . . As used in this Order, "basic information" shall include the complainant's name, address, age, race, sex, occupation, alias and physical condition; the name(s) of the officer(s) or employee(s) involved; the date and time of the incident; a description of the premises and location; and a detailed description of the incident itself.

\* \* \*

The order permitted the sheriff to redact certain medical and polygraph information and excepted from disclosure one of the lawsuits the sheriff listed in his memorandum brief. However, the court ruled that basic information regarding the lawsuit must be released.

4

In response to the sheriff's request, the court filed findings of fact and conclusions of law. The sheriff then requested additional findings of fact and conclusions of law which the court denied. The sheriff filed a motion for new trial, which was opposed by the other parties. The court denied the sheriff's motion after a hearing. The sheriff brings seventeen issues on appeal challenging the trial court's subject matter jurisdiction, issuance of mandamus, determination that the information was not excepted from disclosure, and assessment of copying costs and attorney's fees.

## DISCUSSION

### *The Texas Public Information Act*

The predecessor to the Texas Public Information Act was passed in 1973 for the purpose of ensuring public access to governmental information. *See* Act of May 17, 1973, 63d Leg., R.S., ch. 424, 1973 Tex. Gen. Laws 1112; *see also City of Garland* v. *Dallas Morning News*, 22 S.W.3d 351, 355 (Tex. 2000). It has been amended many times since. However, throughout the years, the Act's fundamental policy has remained that "each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees." Tex. Gov't Code Ann. § 552.001. Under the Act, public information is information that is "collected, assembled, or maintained" by a governmental body. *Id*. § 552.002(a). The Act does not limit the availability of public information except as expressly provided. *See Id*. § 552.006; *Arlington Indep. Sch. Dist. v. Texas Attorney Gen*., 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.) In addition, the Act provides specific categories of public information that may not be withheld unless expressly made confidential by other law. *See* Tex. Gov't Code Ann. § 552.022; *In re City of Georgetown*, 53 S.W.3d 328, 331 (Tex. 2001).

5

The Act is to be liberally construed in favor of granting requests for information. Tex. Gov't Code Ann. § 552.001(b). A governmental body seeking to withhold requested information must submit a timely request for an attorney general determination, asserting which exceptions to disclosure in the Act apply to the information. *Id.* § 552.301; *see also Arlington I.S.D.*, 37 S.W.3d at 157. The Act requires the attorney general to determine whether the Act provides an exception from disclosure and to issue an opinion within forty-five days of the governing body's request for a determination. Tex. Gov't Code Ann. § 552.306. A governmental body seeking to withhold information bears the burden of establishing to the attorney general that the requested information falls within an exception from disclosure under the Act. *Arlington I.S.D.*, 37 S.W.3d at 157. Exceptions to the Act are narrowly construed. *Id.*

### *Jurisdictional Issues*

In issues one, two, and four, the sheriff complains that the trial court erred in denying his plea to the jurisdiction because it lacked subject matter jurisdiction over the mandamus action filed by the Chronicle. The sheriff asserts several grounds, all of which depend on an interpretation of the statute. After reviewing the statute in accordance with the rules of statutory construction, we conclude that the trial court had jurisdiction over the Chronicle's mandamus claim.

The primary objective in construing a statute is to give effect to the legislature's intent. *Continental Cas. Ins. Co. v. Functional Restoration Assocs.,* 19 S.W.3d 393, 398 (Tex. 2000); *City of Austin v. LS Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex. App.—Austin 1998, no pet.). When possible the court must find legislative intent in the plain and common meaning of the words used in the statute. *Continental*, 19 S.W.3d at 398. In construing a statute, we consider the entire statute,

6

not just its disputed provisions. *Id.* We will not give one provision a meaning that is inconsistent with the other provisions, although that provision might be susceptible to such a construction if standing alone. *Southwestern Bell Tel. Co. v. Public Util. Comm'n*, 888 S.W.2d 921, 926 (Tex. App.—Austin 1994, writ denied). In general, the construction of a statute is a question of law. *Dallas Morning News*, 22 S.W.3d at 357.

In issue two, the sheriff argues that the mandamus claim was not ripe because the trial court had yet to rule on the sheriff's claim against the attorney general. According to the sheriff, the court's premature consideration of the mandamus claim frustrates the system of judicial review set out in the Act and renders a governing body's right to sue the attorney general for declaratory relief a meaningless exercise.

An opinion issued in a case that is not ripe is an advisory opinion because rather than remedying an actual or imminent harm, it addresses only a hypothetical injury. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). Courts of this state have no jurisdiction to render advisory opinions. *Id.* We reject the sheriff's claim that the mandamus claim was not ripe based on our reading of the statute.

Section 552.321 confers upon the trial court the authority to issue a writ of mandamus in three circumstances: where a governmental body refuses to request an attorney general's decision on whether information is public; where the governmental body refuses to supply public information; and where a governing body refuses to supply information that the attorney general has determined

7

is public information not excepted from disclosure.[6] Tex. Gov't Code Ann. § 552.321; *Dallas Morning News*, 22 S.W.2d at 356; *Texas Dep't of Pub. Safety v. Gilbreath,* 842 S.W.2d 408, 411 (Tex. App.—Austin 1992, no writ). In this case, the sheriff refused to supply "completed reports" deemed public by the Act and "basic information" determined to be public by the attorney general in previous rulings based on the holding in *Chronicle I*. *See* Tex. Gov't Code Ann. § 552.022(1)(a) (completed reports public information); Tex. Att'y Gen. ORD-362 (1983); 394 (1983); 127 (1976) (basic information in police reports public); *see also* Tex. Gov't Code Ann. § 552.108(c). Therefore, a ripe and justiciable controversy existed, and the Chronicle was entitled to request mandamus relief.

Contrary to the sheriff's claim, allowing a requestor to intervene seeking mandamus relief does not render meaningless a governing body's right to seek relief from an open records decision. In the absence of filing a claim against the attorney general, the governing body must comply with the decision of the attorney general. Tex. Gov't Code Ann. § 552.324(b). By contrast,

---

[6] Section 552.321 provides:

(a) A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply public information or information that the attorney general has determined is excepted from disclosure under Subchapter C.

(b) A suit filed by a requestor under this section must be filed in a district court for the county in which the main offices of the governmental body are located. A suit filed by the attorney general under this section must be filed in a district court of Travis County, except that a suit against a municipality with a population of 100,000 or less must be filed in a district court for the county in which the main offices of the municipality are located.

Tex. Gov't Code Ann. § 552.321.

8

if the governing body files suit against the attorney general, it can delay releasing the information until a determination of the issue is made by the district court. *See Dallas Morning News v. City of Garland*, 994 S.W.2d 258, 261-62 (Tex. App.—Austin 1999, no pet.).

If the requestor does not intervene, the governing body will bring a declaratory judgment or mandamus action seeking to withhold information. *Id*. at 156 (school district filed declaratory judgment and mandamus action under Act against attorney general). If a requestor intervenes, as here, then the claims at trial may include the requestor's mandamus action seeking the release of the information.[7] *See City of Georgetown*, 53 S.W.3d at 329-30 (city filed declaratory action under Act against attorney general; requestor intervened seeking mandamus); *City of Garland*, 994 S.W.2d at 262 (city filed declaratory action under Act against attorney general; requestor intervened for mandamus, declaratory, and injunctive relief). While the remedy differs, the issue is the same in both causes of action: whether the information has been shown to be excepted from disclosure. *See City of Georgetown*, 53 S.W.3d at 330; *see generally Arlington I.S.D.*, 37 S.W.3d 152; *City of Garland*, 994 S.W.2d 258.

At the hearing on the Chronicle's mandamus action, the parties debated whether the use of force records maintained by the department were excepted from disclosure by the Act or were public records that must be released. Thus, the hearing addressed the merits of the sheriff's claims, and it was unnecessary for the court to consider the declaratory judgment action. In ordering disclosure, the trial court necessarily determined that the information was not protected from

---

[7] A requestor may also bring a declaratory judgment under the Uniform Declaratory Judgment Act. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2002); *see also City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000).

disclosure by any exception in the Act as the sheriff contended. In addition, to adopt the sheriff's interpretation would produce an unreasonable result in that it would require two separate trials to determine the same issue—disclosure—between the same parties. This would violate rules of civil procedure governing judicial economy as well as the plain meaning of the statute. *See* Tex. R. Civ. P. 39, 40 (joinder rules).

Moreover, the right to bring a mandamus action is independent of a governmental body's right to bring an action against the attorney general. *See Gilbreath*, 842 S.W.2d at 411. A requestor may bring a mandamus action regardless of whether an attorney general's opinion has been requested or despite the issuance of an adverse attorney general's opinion that favors the withholding of the information. *Id*. In addition, opinions of the attorney general are not binding on the courts. *City of San Antonio v. Texas Attorney Gen.*, 851 S.W.2d 946, 950 (Tex. App.—Austin 1993, writ denied).

In issue four, the sheriff urges that section 552.325 limits a requestor who intervenes in a governmental body's suit against the attorney general *to contesting the withholding* and does not permit mandamus relief. *See* Tex. Gov't Code Ann. § 552.325. We do not construe the statute so narrowly.

The relevant portions of section 552.325 provide:

(a) A governmental body, officer for public information, or other person or entity that files a suit seeking to withhold information from a requestor may not file suit against the person requesting the information. The requestor is entitled to intervene in the suit.

\* \* \*

10

(c)  If the attorney general enters into a proposed settlement that all or part of the information that is the subject of the suit should be withheld, the attorney general shall notify the requestor of that decision and, if the requestor has not intervened in the suit, of the requestor's right to intervene to contest the withholding.[8]

Tex. Gov't Code Ann. § 552.325(a), (c).

Section 552.325 provides that a requestor may intervene in the governmental body's suit against the attorney general, without any qualifying language. *See id.* § 552.325(a). The language, "to contest the withholding" is in subsection (c). *Id.* § 552.325(c). As we read the statute, subsection (c) applies to those situations in which a requestor has not intervened and the governing body and the attorney general have reached a settlement that the information should be withheld. Rather than limiting a requestor's rights, this section expands those rights by providing that a requestor who has not yet intervened at the time of settlement may still intervene to contest the decision by the parties that the information should be withheld.

Read in context of the remedy of mandamus afforded requestors by section 552.321, we conclude that section 552.325 does not limit a requestor's right to relief but allows intervention

---

[8]  Section 552.325 should be read in conjunction with section 552.324(a) which provides.

(a)  The only suit a governmental body or officer for public information may file seeking to withhold information from a requestor is a suit that is filed in accordance with Sections 552.325 and 552.353 and that challenges a decision by the attorney general issued under Subchapter G.

Tex. Gov't Code Ann. §§ 552.324; .325 (West Supp. 2002). Sections 552.324 and 552.325 were added in 1995 to prevent governing bodies from suing requestors. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1035, § 1, 1995 Tex. Gen. Laws 5127, 5140; *see also Dallas Morning News*, 22 S.W.3d at 358.

11

for mandamus. Also, while no court has addressed this precise question, we note that at least two recent cases involved the same procedural posture as the case at bar, namely a requestor intervening for mandamus relief in a governing body's lawsuit against the attorney general. *See City of Georgetown*, 53 S.W.3d at 330; *City of Garland*, 994 S.W.2d at 262. In addition, to construe sections 552.324 and 552.325 as narrowing or delaying a requestor's right to information would violate the Act's strong policy favoring public access to governmental information. *See* Tex. Gov't Code Ann. § 552.001; *see also City of Garland*, 994 S.W.2d at 263-64 (stating that Act does not limit court's jurisdiction in cases filed under sections 552.324 and 552.325, evidence received, or issues decided).

In issue one, the sheriff argues that because the Act requires that a mandamus action be filed in the county in which the governing body's main office is located, only courts in Harris County have jurisdiction over the Chronicle's mandamus action. *See* Tex. Gov't Code Ann. § 552.321(b). We disagree.

In light of the Texas Supreme Court's decision in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000), that statutory prerequisites to suit are no longer jurisdictional, we conclude that the restriction in 552.321(b) does not prevent a court from exercising subject matter jurisdiction over a statutory cause of action. The sheriff filed the initial claim in this proceeding, a suit for declaratory judgment, in Travis County. The Chronicle intervened in the sheriff's cause of action as expressly allowed by section 552.325. Tex. Gov't Code Ann. § 552.325. Section 552.325 contains no restriction on where the requestor may intervene, and the only logical reading of the statute is that the requestor may intervene in a governing body's claim, wherever that may be. Furthermore, to read

12

such a restriction into the statute as that suggested by the sheriff would give rise to the same judicial inefficiency discussed in the previous section. Issues one, two, and four are overruled.[9]

### *Statutory Mandamus*

In issue three, the sheriff argues that the trial court erred by granting the writ of mandamus because the sheriff had no ministerial duty to release the information pending the trial court's determination of his declaratory judgment action. However, we have already determined that the hearing on the mandamus action addressed the merits of the sheriff's declaratory judgment action. Furthermore, the sheriff relies on the elements of a common law mandamus to support his contention that mandamus was inappropriate. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). But this Court has stated that section 552.321 provides statutory mandamus relief to which the elements of common law mandamus do not apply. *See Gilbreath*, 842 S.W.2d at 413-14 (citing *Industrial Found. v. Texas Indust. Accident Bd.*, 540 S.W.2d 668, 674-75 (Tex. 1976) (plurality opinion)). In a section 552.321 mandamus action, a requesting party need only show that the governmental body has not complied with the Act. *Id.* at 413. Here, the sheriff stipulated at trial that none of the requested information had been produced to the Chronicle. Issue three is overruled.

---

[9] The sheriff's challenge to the trial court's award of attorney's fees to the Chronicle is based on the same jurisdictional argument. Because we have determined that the court had jurisdiction over the mandamus action, we overrule this issue.

***Sufficiency of the Evidence to Support Mandamus***

In issues five, six, seven, and nine, the sheriff challenges the legal and factual sufficiency of the evidence to support the grant of mandamus. He also challenges the court's related conclusions of law in issues eight and ten. The sheriff's argument focuses on the trial court's refusal to make the additional findings of fact and conclusions of law that he requested. *See* Tex. R. Civ. P. 298. Primarily, the sheriff objects to the rejection of his proposed additional fact finding that he cannot be found to have "refused" under section 552.321 to request an attorney general's opinion, or to supply public information or information the attorney general has determined is public information. *See* Tex. Gov't Code Ann. § 552.321. He then challenges the legal and factual sufficiency to support an *implied* finding that he refused to supply the information; he does not challenge the trial court's express finding. Because we conclude that the court made an *express* finding that the sheriff refused to supply the information, it is unnecessary to conduct a legal and factual sufficiency review.

Additional findings of fact and conclusions of law are not required where they are directly contrary to, or inconsistent with, the original findings of the trial court. *Starcrest Trust v. Berry*, 926 S.W.2d 343, 354 (Tex. App.—Austin 1996, no writ). In finding of fact number six, the trial court found that "Sheriff Thomas has produced no records to the Chronicle in response to the Open Records Request of August 31, 2000." The sheriff does not challenge the sufficiency of the evidence supporting this finding. The court reiterated this finding in conclusion of law number eleven: "*In refusing to release the information requested*, especially basic information concerning incidents involving the use of force, Sheriff Thomas did not act in reasonable reliance on any

judgment, order, appellate opinion, attorney general's decision, or other law." (Emphasis added.) The sheriff's request for an additional finding of fact that he did not refuse to supply information is directly contrary to the court's initial findings. *See id.* Furthermore, there is no showing that the failure to make the additional findings and conclusions prevented the sheriff from adequately presenting his case on appeal. *See id.* We overrule issues five, six, and seven.

In issue eight, the sheriff challenges the above conclusion of law to again raise the argument that he did not refuse to supply information. The sheriff argues that he cannot be found to have "refused" under section 552.321 while his declaratory judgment action is pending against the attorney general.

An appellate court is not bound by the trial court's conclusions of law, but the conclusions will be upheld if the judgment can be sustained by any legal theory supported by the evidence. *Westech Eng'g v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex. App.—Austin 1992, no writ). Incorrect conclusions of law do not require reversal if the controlling findings of facts will support a correct legal theory. *Stable Energy, L.P. v. Newberry*, 999 S.W.2d 538, 547 (Tex. App.—Austin 1999, pet. denied). Moreover, conclusions of law are not reversible unless they are clearly erroneous as a matter of law. *Id.*

Section 552.321 provides that mandamus is available where the governing body refuses to supply public information or information that has been determined public by the attorney general. Tex. Gov't Code Ann. § 552.321. It does not qualify the word "refuse" by including an exception for cases in which the governing body has filed a suit against the attorney general under the Act, and we will not read such an exception into the statute. Issue eight is overruled.

15

The sheriff argues in issue nine that there is no evidence to support the court's finding that the sheriff refused to supply information relating to incidents involving the "use of force" as opposed to "excessive use of force." In its request, the Chronicle only asked for excessive use of force records; thus, the sheriff argues he cannot be found to have refused to supply use of force records. The Chronicle conceded at oral argument that it would stand by its original request for excessive use of force records. However, the sheriff does not explain what the practical difference is with regard to these two terms, nor does he cite us to any authority. *See* Tex. R. App. P. 38.1 (h). We note that the trial court used the term "use of force" as shorthand to refer to "excessive use of force" in its findings of fact and conclusions of law. We conclude that this issue is inadequately briefed; therefore it is overruled. *Id.*

In issue ten, the sheriff challenges the court's conclusion of law number five in which the court stated: "Sheriff Thomas is required by law to prepare and maintain reports on any incident involving the use of force," citing 37 Texas Administrative Code section 269.1(3).

This section requires a sheriff to maintain records on county jail facilities including:

(3)  a separate written record of all incidents which result in physical harm or serious threat of physical harm to an employee, visitor, or inmate in a facility. Such record shall include the names of the persons involved, a description of the incident, the actions taken, and the date and time of the occurrence. . . .

37 Tex. Admin. Code § 269.1(3) (2001).

The sheriff does not dispute that he is required to maintain these records, but instead complains that the use of force may or may not result in physical harm or serious threat of physical harm. Therefore, the section does not require any records be maintained in those instances that do

not result in physical harm or the threat of harm, and "[a]bsent any evidence that such records even exist, there can be no evidence of a refusal to supply." We note that under the Act, a governing body is not required to create records where none exist. *See A&T Consultants v. Sharp*, 904 S.W.2d 668, 676 (Tex. 1995); *see also* Tex. Att'y Gen. ORD-555 (1990) (stating that only information *in existence* is subject to disclosure). Thus, if there are no such records, the sheriff is under no legal obligation to disclose them. If they do not exist, the sheriff certainly could have argued this at trial. We overrule issue ten.

### *Litigation and Law Enforcement Exceptions*

In issues eleven and twelve, the sheriff claims the trial court erred by not excepting the requested information from disclosure under the litigation and law enforcement exceptions of the Act. *See* Tex. Gov't Code Ann. § 552.103 (litigation); § 552.108 (law enforcement).

The sheriff offered no proof at the hearing that either of these exceptions apply. Instead, the sheriff argues that evidence the Chronicle introduced demonstrated that the litigation and law enforcement exceptions apply. The sheriff's argument centers on the introduction of the memorandum brief he submitted to the attorney general in support of nondisclosure. The memorandum brief contained a list of nine cases that the sheriff claimed were in various stages of litigation at the time the Chronicle made its request. It also contained arguments in support of the law enforcement exception.

At the hearing, the Chronicle introduced the memorandum brief along with the attorney general's letter ruling, the Chronicle's initial request, and the sheriff's letter requesting an attorney general's opinion. The sheriff argues that because the Chronicle did not limit the purpose

for which it offered the evidence, it was bound by its recitations; thus, the list of nine pending cases in the memorandum brief and its arguments regarding the law enforcement exception support excepting the information from disclosure. The Chronicle claims that it stated at the hearing that the evidence was offered "simply to complete the record as to where the case stood procedurally," and that this was sufficient to limit its purpose. In the alternative, the Chronicle argues that the brief is inadmissable hearsay that, in a bench trial, a court is deemed to have disregarded as incompetent evidence.

We will address the sheriff's arguments regarding the litigation exception first. Section 552.103, the litigation exception, provides:

(a) Information is excepted from [disclosure] if it is information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party or to which an officer or employee . . . is or may be a party.

* * *

(c) Information relating to litigation involving a governmental body . . . is excepted from disclosure under Subsection (a) only if the litigation is pending or reasonably anticipated on the date that the requestor applies to the officer for access to . . . the information.

Tex. Gov't Code Ann. § 552.103.

The purpose of the litigation exception is to prevent parties in litigation from obtaining documents outside of discovery. *See City of Garland*, 994 S.W.2d at 265; Tex. Att'y Gen. ORD-349 (1982). The exception applies to (1) information relating to litigation, (2) that is either pending or reasonably anticipated. *See University of Texas Law Sch. v. Texas Legal Found.*, 958 S.W.2d 479, 481(Tex. App.—Austin 1997, no pet.). The attorney general has interpreted section 552.103 as a *temporary* exception that no longer applies once a case has been dismissed, settled, or finally

resolved. *See* Tex. Att'y Gen. ORD-647 (1996); *see also* Op. Tex. Att'y Gen. No. MW-575 (1982); Tex. Att'y Gen. ORD-350 (1982) (interpreting the statutory predecessor to section 552.103). Section 552.103 was amended in 1999 to add subsection (c). *See* Act of May 23, 1999, 76th Leg., R.S., ch. 1319, § 6, 1999 Tex. Gen. Laws 4502. The sheriff interprets subsection (c) to mean that a governing body must show only that litigation was pending on the date of the request, not that the litigation is still pending when an open records case goes to trial. We have found no cases interpreting subsection (c). However, because we find that the sheriff introduced no evidence at trial that litigation was pending at the time of the request or at trial, we find it unnecessary to construe this subsection.

The linchpin of the sheriff's argument is that the Chronicle, by introducing his memorandum brief containing the list of nine cases, proved the application of the litigation exception, and is judicially bound by the recitations in the brief. We disagree.

> A true judicial admission is a formal waiver of proof and is usually found in the pleadings or in a stipulation of the parties. The vital feature of a judicial admission is its conclusiveness on the party making it. . . . [W]hether the admission be made orally from the witness stand or in a written instrument introduced into evidence, it is essential, among other things, that the statement be clear and unequivocal. . . . Before treating declarations of a party as judicial admissions, moreover, it is important to consider whether the statement relates to facts peculiarly within the declarant's own knowledge or is simply his impression of a transaction or an event as a participant or observer, and if the latter whether the statement is contradicted by other evidence.

*Gevinson v. Manhattan Constr. Co.*, 449 S.W.2d 458, 466 (Tex. 1969); *see also Hibbler v. Knight*, 735 S.W.2d 924, 927 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). The Chronicle's statement that the evidence was being offered "simply to complete the record as to where the case

stood procedurally," is far from the clear and unequivocal statement required of a judicial admission. In addition, the facts recited in the brief were not within the Chronicle's knowledge, but the sheriff's, and the Chronicle later contradicted the brief with its introduction of evidence showing that some of the cases listed in the brief were no longer pending.

Even assuming the sheriff's argument is correct, we find that the trial court did not err by concluding that the requested information was not subject to the litigation exception. We conclude that it was the *sheriff's* burden at trial to prove that an exception to disclosure applies. In so stating, we recognize that other appellate courts in applying the common law test for mandamus have placed the burden of proof on the requestor to prove a clear right to mandamus relief. *See Felix v. Thaler*, 923 S.W.2d 650, 651 (Tex. App.—Houston [1st Dist.] 1995 no writ); *Texas Indus. Accident Bd. v. Industrial Found.*, 526 S.W.2d 211, 214 (Tex. Civ. App.—Beaumont 1975), *aff'd on other grounds*, 540 S.W.2d 668 (Tex. 1976). However, as previously noted, this Court has determined that a section 552.321 mandamus is a statutory mandamus to which the elements of a common law mandamus do not apply. *See Gilbreath*, 842 S.W.2d at 413; *see also* 38 Tex. Jur. 3d *Extraordinary Writs* § 202 (1998) (stating that failure to disclose public information violates a clear duty imposed by law); 35 David B. Brooks, *Texas Practice: County and Special District Law*, § 10.41 (1989) (noting that unlike common law action to compel disclosure, the burden of proof in open records proceeding is on governing body to prove that information is not public). In light of the Act's strong policy favoring disclosure of public information and consistent with the Act's placement of the burden of proof on a governmental body when seeking an open records determination from the attorney general, we hold that a governing body should bear the burden of

20

proving in a judicial proceeding that an exception to disclosure applies. *See generally* Tex. Gov't Code Ann. §§ 552.001 (requiring that Act be liberally construed in favor of granting requests for information); 552.006 (prohibiting the withholding of public information except as expressly provided); 552.302 (creating presumption absent a compelling reason that information is public where governing body fails to request attorney general opinion); *see Arlington I.S.D.*, 37 S.W.3d at 163 (governing body bears burden of proof that exception to disclosure applies in seeking open records determination from attorney general); *see also* Tex. Gov't Code Ann. § 552.301.

At the hearing, the only evidence before the court was evidence introduced by the Chronicle. The Chronicle introduced evidence that at least three of the cases on the list, *Lynch v. Harris County*, *Beaird v. Harris County*, and *Galloway v. City of Houston*, were no longer pending.[10] There was no evidence introduced regarding the remaining cases prior to the court's ruling. The court agreed with the Chronicle that *Lynch* and *Beaird* were no longer pending, but determined that *Galloway* was still pending. After the court ruled in favor of the Chronicle, the attorney general asked about the remaining cases. The court stated that the sheriff had not sufficiently met his burden of proving that these cases were subject to the litigation exception.

We cannot say that the trial court clearly erred under these circumstances. The sheriff offered *no evidence* to prove the application of the litigation exception and failed to counter the evidence introduced by the Chronicle. In addition, the court was not bound by the attorney general's letter ruling that determined that the litigation exception applied. *See City of San Antonio*, 851

---

[10] The Chronicle argued that a fourth case, *Baker v. Harris County*, was no longer pending, but did not offer any documentary evidence to support this contention.

S.W.2d at 950. We note that the attorney general in reaching its determination was unable to review all nine cases on the sheriff's list because the sheriff submitted only one of the nine cases with its request for an open records decision. Furthermore, the attorney general emphasized in its letter ruling that the litigation exception ceases to apply once litigation is no longer pending. Issue eleven is overruled.

The sheriff contends in issue twelve that the trial court erred in not excepting the information from disclosure under the law enforcement exception of the Act.[11] The only documentary evidence before the court regarding the application of the law enforcement exception was the sheriff's memorandum brief and the attorney general's letter ruling. In its letter ruling, the attorney general determined that the law enforcement exception did not apply to the requested information. According to the attorney general, the sheriff failed to explain how disclosure of the information would interfere with law enforcement or that the requested information related to ongoing *criminal*

---

[11]  Section 552.108 of the Texas Government Code provides in relevant part:

(a)  Information held by a law enforcement agency . . . that deals with the detection, investigation, or prosecution of a crime is excepted from [disclosure] if:

    (1)  release of the information would interfere with the detection, investigation, or prosecution of crime;

    (2)  it is information that deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication.

* * *

(c)  This section does not except from [disclosure] information that is basic information about an arrested person, an arrest, or a crime.

Tex. Gov't Code Ann. § 552.108.

investigations as opposed to administrative investigations of alleged employee misconduct.[12]  In contrast, the sheriff offered *no evidence* to prove that the law enforcement exception applied to the requested information.

We reiterate that it was the *sheriff's* burden, not the Chronicle's, to produce evidence that an exception to disclosure applies.  Not only did the sheriff fail to produce evidence at trial, he failed to provide the requested information to the attorney general pursuant to the terms of the protective order or even to the court for *in camera* inspection.  We hold that on this record the trial court could correctly decline to conclude that the law enforcement exception applied, and we overrule this issue.[13]

### *Attorney's fees*

In issues fifteen and sixteen, the sheriff challenges the trial court's conclusions of law that awarded attorney's fees to the attorney general in the event of an appeal.  The sheriff argues that the award of attorney's fees to the attorney general was improper because the sheriff brought a

---

[12]  In addition, there was argument at the hearing about the recent decision from the Fourth Court of Appeals, *City of San Antonio v. San Antonio Express-News*, 47 S.W.3d 556 (Tex. App.—San Antonio 2000, pet. denied), declaring police use-of-force records public information, and section 552.029(8) of the Texas Government Code, that makes public information relating to use-of-force incidents involving inmates in state jail facilities. *See* Tex. Gov't Code Ann. § 552.029(8) (West Supp. 2002).  The court referred to both the *Express-News* decision and section 552.029(8) in its conclusions of law.  There was also argument that in previous rulings, the attorney general had determined that complaints against peace officers are public information and that basic information regarding an arrest is public information. *See* Tex. Gov't Code Ann. § 552.108(c) (West Supp. 2002).

[13]  In issue thirteen the sheriff contends that the evidence proved as a matter of law that the requested information falls within the litigation and law enforcement exceptions.  Because this contention simply restates the arguments made in issues eleven and twelve, we overrule this issue.

23

declaratory judgment action under section 552.324, for which no attorney's fees are available. The sheriff is correct that the Act does not provide for attorney's fees in an action brought under section 552.324. *See* Tex. Gov't Code Ann. § 552.323.[14] However, section 552.324 must be read in conjunction with sections 552.325 and 552.353. Section 552.324 provides that the only suit a governmental body may file seeking to withhold information is a suit filed in accordance with sections 552.325 *and 552.353* that challenges a decision of the attorney general. *See* Tex. Gov't Code Ann. § 552.324; *see also Arlington I.S.D.*, 37 S.W.3d at 155 (school district filed suit against attorney general under sections 552.324; 552.325 and 552.353 seeking declaratory and mandamus relief). Section 552.353 provides an affirmative defense to criminal prosecution under the Act to governmental bodies that have filed for declaratory or mandamus relief from an attorney general's opinion. *See* Tex. Gov't Code Ann. § 552.353.[15]

---

[14] Section 552.323 provides:

    (a) In an action brought under Section 552.321 or 552.3215, the court shall assess costs of litigation and reasonable attorney [sic] fees incurred by a plaintiff who substantially prevails . . . .

    (b) In an action brought under Section 552.353(b)(3), the court may assess litigation and reasonable attorney's fees incurred by a plaintiff or defendant that substantially prevails. In exercising its discretion under this subsection, the court shall consider whether the conduct of the officer for public information of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith.

Tex. Gov't Code Ann. § 552.323.

[15] The relevant portions of Tex. Gov't Code Ann. § 522.353 provide:

    (a) An officer for public information, or the officer's agent, commits an offense if, with criminal negligence, the officer or the officer's agent fails or refuses to give access to, or to permit or provide copying of, public information to a requestor as provided by this chapter.

The sheriff's petition noted that jurisdiction was proper under sections 552.324 *and 552.353*. A court may award attorney's fees in section 552.353 actions to a plaintiff or a defendant who substantially prevails. Tex. Gov't Code Ann. § 552.323(b). The attorney general was the defendant in the sheriff's declaratory judgment action. Therefore, the court correctly concluded that attorney's fees were available to the attorney general. Issue fifteen is overruled.

However, the sheriff correctly contends that the trial court erred by awarding unconditional attorney's fees to the attorney general in the event of an appeal. *See Westech*, 835 S.W.2d at 205. An award of attorney's fees must be conditioned on the receiving party's success. *Id*. This error does not require reversal, however, but only that the judgment be modified to condition the award of attorney's fees on the party succeeding on appeal. *Id*. Therefore, we sustain issue sixteen and modify the judgment to award attorney's fees to the attorney general only if it prevails.

In issue seventeen, the sheriff argues that the trial court erred as a matter of law in limiting the amount of reimbursement it could seek from the Chronicle because neither the Act nor

---

(b) It is an affirmative defense to prosecution under Subsection (a) that the officer for public information reasonably believed that public access to the requested information was not required and that the officer:

\* \* \*

(3) not later than the 10th calendar day after the date of receipt of a decision by the attorney general that the information is public, filed a petition for declaratory judgment, a writ of mandamus, or both, against the attorney general in a Travis County district court seeking relief from compliance with the decision of the attorney general, and a petition is pending.

Tex. Gov't Code Ann. § 552.353.

administrative rules governing costs of copying public information authorize a court to limit the amount a governing body may recover for furnishing public information.[16] The Act and the Texas Administrative Code contain extensive provisions governing the cost of copying public information that provide safeguards against excessive charges for copies and nonpayment for copies. *See* Tex. Gov't Code Ann. §§ 552.261-.274 (West 1994 & Supp. 2002); 1 Tex. Admin. Code §§ 111.61-.71 (2001). Nowhere in the Act or the administrative code do we find any provision authorizing a court to limit the amount of reimbursement a governing body may seek from a requestor. While the Chronicle stipulated at the hearing on the sheriff's motion for new trial that it would pay at the statutory rate for any records it ultimately receives, we cannot conclude this error was harmless. Therefore, we sustain this issue and modify the court's order by striking the following clause: "which fees shall not exceed the aggregate sum of FIVE HUNDRED AND NO/100 DOLLARS ($500.00) unless otherwise agreed in advance by the Houston Chronicle."

**CONCLUSION**

We modify the trial court's judgment to condition the award of attorney's fees to the attorney general's success on appeal and to eliminate the $500 limit on reimbursement for copying costs. In all other respects, we affirm the judgment of the trial court.

---

[16] The court's order states:

ORDERED that the records cited herein shall either be made available for Intervenors to inspect and designate for copying, or shall be produced at the offices of Intervenors' counsel, . . . . The Chronicle shall reimburse Harris County for reasonable copying fees at the rates set forth in the Public Information Act, which fees shall not exceed the aggregate sum of FIVE HUNDRED AND NO/100 DOLLARS ($500.00) unless otherwise agreed in advance by the Houston Chronicle.

_____

_

David Puryear, Justice

Before Chief Justice Aboussie, Justices Yeakel and Puryear

Modified and, as Modified, Affirmed

Filed:   February 14, 2002

Publish

27