NO. 07-05-0067-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 31, 2006



______________________________


 

CITY OF WACO, TEXAS, APPELLANT



V.



GREG ABBOTT, ATTORNEY GENERAL OF THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY;



NO. GV4-02065; HONORABLE SUZANNE COVINGTON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

OPINION


 The City of Waco brings this appeal challenging a summary judgment upholding an
opinion by the Attorney General that arrest warrant affidavits may not be withheld from
disclosure under the Texas Public Information Act. We affirm.

 The undisputed facts show that an employee of the Waco Tribune made a request
by electronic mail to an assistant city attorney for copies of 42 arrest warrant affidavits filed
by a former city police detective in child abuse and neglect cases. The request expressly
relied on the Texas Public Information Act (1) and recited the Waco Police Department had
re-investigated these cases after retirement of the detective. The City responded by
providing redacted copies of affidavits filed by the named detective and five other
detectives and requesting an opinion from the Attorney General on whether the remaining
portions of the records, consisting of identifying information about the child victims, was
confidential and not subject to disclosure. Each of the affidavits appearing in the record
is entitled "complaint/affidavit for arrest warrant," is signed by a Waco police detective, and
was sworn before a magistrate. (2) 

 In its request for an opinion the City explained its view that disclosure of the
affidavits was required by article 15.26 of the Code of Criminal Procedure, but the
information about individual victims was confidential and not subject to disclosure by virtue
of section 261.201 of the Family Code. It perceived those statutes as presenting an
apparent conflict and concluded Family Code section 261.201 should prevail because it
was the more specific statute. See Tex. Gov't Code Ann. § 311.026 (Vernon 2005) (listing
rules for construction of codes). The City offered this explanation because a governmental
entity withholding information and requesting an opinion from the Attorney General bears
the burden of establishing the information falls within an exception from disclosure under
the Act. (3) Thomas v. Cornyn, 71 S.W.3d 473, 480-81 (Tex.App.-Austin 2002, no pet.).

 The Attorney General's office issued opinion OR2004-5059. It framed the question
presented as whether disclosure of the affidavits was required under the Public Information
Act. The opinion focused on the exemption from disclosure set out in section 552.101 of
the Act for information considered "confidential by law." (4) It considered the effect of Family
Code section 261.201 and article 15.26 on whether the information was confidential for
purposes of section 552.101. The Attorney General agreed with the City a conflict existed
between the two statutes in that context but concluded article 15.26 was the more specific
provision, requiring release of the complete documents. 

 Unconvinced the Attorney General reached the correct result, the City filed suit for
declaratory relief and a writ of mandamus directing the Attorney General to withdraw his
opinion. See Tex. Gov't Code Ann. § 552.324 (Vernon 2004). On cross-motions for
summary judgment the trial court denied the City's motion and granted the Attorney
General's motion. It held the affidavits at issue were not created pursuant to Chapter 261
of the Family Code and no conflict existed between section 261.201 and article 15.26. The
City perfected appeal from that judgment and now presents six issues for our review.

 The Public Information Act states its purpose to give effect to the public policy that
members of the public are entitled "to complete information about the affairs of government
and the official acts of public officials," unless otherwise provided by law. Tex. Gov't Code
Ann. § 552.001 (Vernon 2004). The Act defines public information to include information
collected or maintained in connection with the transaction of official business by a
governmental body. § 552.002. Public information is available to the public, unless
"considered to be confidential by law." §§ 552.021, .101. 

 The relevant portion of article 15.26 provides: 

 The arrest warrant, and any affidavit presented to the magistrate in support
of the issuance of the warrant, is public information, and beginning
immediately when the warrant is executed the magistrate's clerk shall make
a copy of the warrant and the affidavit available for public inspection in the
clerk's office during normal business hours. A person may request the clerk
to provide copies of the warrant and affidavit on payment of the cost of
providing the copies.

Family Code section 261.201(a) provides:

 The following information is confidential, is not subject to public release
under Chapter 552, Government Code, and may be disclosed only for
purposes consistent with this code and applicable federal or state law or
under rules adopted by an investigating agency:


 (1) a report of alleged or suspected abuse or neglect made
under this chapter and the identity of the person making the
report; and

 (2) except as otherwise provided in this section, the files,
reports, records, communications, audiotapes, videotapes, and
working papers used or developed in an investigation under
this chapter or in providing services as a result of an
investigation.


 Statutory construction presents a question of law, and we review the trial court's
action de novo. Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989). The
purpose of statutory construction is to determine the legislature's intent. Marcus Cable
Assoc. v. Krohn, 90 S.W.3d 697, 706 (Tex. 2002). Courts must always start by looking to
the plain language of the statute. In re City of Georgetown, 53 S.W.3d 328, 331 (Tex.
2001). We may also consider other factors, including the objective sought to be obtained,
legislative history, and consequences of a particular construction, even if the statutory
language is not ambiguous on its face. Helena Chemical Co. v. Wilkins, 47 S.W.3d 486,
493 (Tex. 2001); see also Tex. Gov't Code Ann. § 311.023 (Vernon 2005). Moreover,
courts must always consider a statute as a whole and attempt to harmonize its various
provisions. Marcus Cable, 90 S.W.3d at 706. 

 We begin with the City's fourth issue, in which it questions whether the restrictions
of section 261.201 "apply to child abuse information contained in arrest warrant affidavits." 
We hold they do not apply to the arrest warrant affidavits at issue here. This issue
challenges the trial court's holding that the affidavits were not confidential because they
were not documents created pursuant to Chapter 261 of the Family Code. The declaration
of confidentiality in section 261.201(a) applies to two classes of information, (1) reports of
abuse or neglect made under Chapter 261, and as relevant here, (2) files, records, and
working papers "used or developed in an investigation under this chapter[.]" 

 The City does not contend the affidavits are reports of abuse or neglect. We agree
they do not fit within that category because section 261.103 makes clear that such reports
are made to a local or state law enforcement agency, the Department of Protective and
Regulatory Services, the state agency that operates, licenses, certifies or registers a facility
where alleged abuse or neglect occurred, or the agency designated to be responsible for
the protection of children. Tex. Fam. Code Ann. § 261.103(a) (Vernon Supp. 2005). An
affidavit sworn by a peace officer before a magistrate seeking issuance of an arrest warrant
is not made to any of those entities and is not a "report" within the meaning of section
261.201(a)(1). 

 The City argues that the affidavits are working papers used or developed in an
investigation under Chapter 261. It cites no authority, arguing simply that the term "working
papers used or developed in an investigation under" Chapter 261, "may reasonably be said
to encompass arrest warrant affidavits." As applied to the affidavits at issue here, we do
not agree. We have found no authority construing the phrase in the context of Chapter
261, and attempt no definition of it here. We also express no opinion on the extent to
which affidavits in other contexts might come within the ambit of Family Code section
261.201(a)(2), but conclude that affidavits such as these, made by peace officers, and
signed before and presented to a magistrate for the purpose of supporting issuance of an
arrest warrant, are not records or papers declared to be confidential under that section. 
In particular, such affidavits cannot be characterized as "working papers" in the
investigation after they are filed with the magistrate. We overrule the City's fourth issue.

 In its third issue, the City argues a holding the information on child victims in arrest
warrant affidavits as not confidential is an absurd result the legislature could not have
intended. That argument is closely related to its first issue asserting that the State has a 
compelling interest in keeping child abuse information confidential. We cannot disagree
that the State has a compelling interest in protection of the confidentiality of such
information. (5) See Pennsylvania v. Ritchie, 480 U.S. 39, 57, 107 S.Ct. 989, 94 L.Ed.2d 40
(1987) (describing compelling interest in protecting child-abuse information); Texas Dept.
of Human Services v. Benson, 893 S.W.2d 236, 242 (Tex.App.--Austin 1995, writ denied)
(noting purpose of confidentiality protections in Family Code to encourage reporting of
suspected child abuse). Family Code section 261.201 reflects the balancing of that
interest with our State's expressly stated policy that information about official acts is public.
Tex. Fam. Code Ann. § 261.201(a)(1) (Vernon 2002); Tex. Gov't Code Ann. § 552.001
(Vernon 2004). Statute also provides that information contained in a public court record
is not excepted from required disclosure under the Public Information Act unless made
expressly confidential under other law. Tex. Gov't Code Ann. § 552.022(a)(17) (Vernon
2004). Under article 15.26, after execution of the arrest warrant, the warrant and any
supporting affidavit are public court records. We cannot agree that application of the
policies reflected in the Public Information Act to the arrest warrant affidavits at issue here
brings about an absurd result. We overrule the City's first and third issues. 

 The City's sixth issue asks whether article 15.26 applies only to requests for warrant
affidavits made to a court clerk. It argues the Attorney General erred in applying this
statute to the City. We overrule the issue. The relevance of article 15.26 to this appeal
stems from its declaration that affidavits supporting executed arrest warrants are public
information. Nothing in article 15.26 supports the view it defines the exclusive procedure
for obtaining access to the records it addresses. That article 15.26 establishes an avenue
independent of the Public Information Act (6) for obtaining access to arrest warrants and
supporting affidavits has no effect on the availability of those documents under the Act. 

 As noted, the only question addressed in the Attorney General's opinion was
whether the documents were excepted from the disclosure requirement of the Act. Neither
the opinion nor the trial court's judgment addresses whether the records could have been
requested from the clerk of the court issuing the warrants. We likewise do not address that
question because those are not the facts presented and we may not express opinions on
hypothetical facts. Valley Baptist Medical Center v. Gonzalez, 33 S.W.3d 821, 822 (Tex.
2000). 

 The City's fifth issue presents the question whether a defendant's due process rights
are violated by "denial of access to certain confidential records." The request at issue was
not made by a criminal defendant and the requester did not seek to assert the due process
rights of any defendant. Moreover, the question assumes the City is correct on the core
issue in this dispute, whether the records are confidential under law. Our conclusion to the
contrary makes further discussion of this issue unnecessary. The City's fifth issue is
overruled.

 In its second issue, the City complains of the trial court's failure to conduct an in
camera review of the records before ordering them disclosed. It presents a two-pronged
argument. The first relies on cases involving criminal defendants seeking access to
confidential information. As noted, those are not the facts or issues presented here. It
secondly relies on the procedure under Family Code section 261.201(b) for a trial court to
order disclosure of information declared confidential under that section. Because the
information is not confidential under subsection (a), there was no need to order its
disclosure under subsection (b), and therefore no need for an in camera review. We
overrule the City's second issue.

 Finding no reversible error in the judgment of the trial court, we affirm its judgment.


 James T. Campbell

 Justice





1. Tex. Gov't Code Ann. §§ 552.001 -.353 (Vernon 2004 & Supp. 2005). Subsequent
section references are to the Public Information Act unless otherwise noted.
2. See generally Tex. Code Crim. Proc. Ann. art. 15.01 et seq. (Vernon 2005)
(concerning arrest warrants).
3. The City's request for an opinion did not raise the exceptions to disclosure under
§ 552.103 (information relating to litigation) or § 552.108 (law enforcement and
prosecutorial information), and those exceptions are not addressed. See Tex. Gov't Code
Ann. § 552.326 (generally limiting judicial review to exceptions the governmental body
"properly raised before the attorney general"). 
4. There is no dispute the documents fall within the Act's definition of "public
information" and are subject to disclosure unless an exception applies. See Tex. Gov't
Code Ann. §§ 552.002(a)(1), .003(1)(iii), .021 (Vernon 2004).
5. By listing the identity of the person making the report as the only specific fact
declared confidential by section 261.201(a), the legislature's expression of that compelling
interest in confidentiality differs from that of the City which disclosed that information but
asserted confidentiality of information about the alleged victims. 
6. This is necessarily so because the judiciary is expressly excluded from the
definition of governmental body under the Public Information Act. § 552.003(1)(B).