# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00085-CV

**Dennis Sanders, Appellant**

**v.**

**Krista Marie Merritt, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT
### NO. 08-2106, HONORABLE WILLIAM HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dennis Sanders appeals the trial court's award under section 157.167(b) of the Texas Family Code. *See* Tex. Fam. Code § 157.167(b). Sanders brought an enforcement proceeding against Krista Merritt, the mother of his child.[1] The parties reached a settlement on the substantive issues and presented the issue of Sanders' attorney's fees and costs to the trial court for determination. The trial court declined to award attorney's fees and awarded $1,500 in costs. Sanders argues on appeal that the trial court abused its discretion in refusing to award the full amount of attorney's fees that he sought. For the reasons that follow, we affirm the trial court's order.

---

[1] The record reflects that Sanders and Merritt were never married.

## BACKGROUND

In 2009, the trial court rendered an Order in Suit to Modify Parent-Child Relationship, and in 2010, the trial court rendered an Agreed Modified Order as to Possession and Access. In September 2015, Sanders filed a Motion for Enforcement of Possession and Access, alleging that Merritt had violated the prior orders on multiple occasions by refusing to allow him access to the child during his periods of possession, and seeking attorney's fees and costs. In addition, to responding to Sanders' motion, Merritt filed a counter-motion for enforcement, a petition to modify the parent-child relationship, and a motion to modify child support. Sanders subsequently filed a counter-petition to modify the parent-child relationship in which he sought, among other things, a 50/50 possession schedule. After somewhat contentious and protracted pre-trial discovery, a final hearing was held in July 2016. During a recess of the hearing, the parties reached a settlement agreement as to all issues except Sanders' claim for attorney's fees and costs. The agreement included 11 "make-up" days of possession for Sanders, but no modified summer possession; modified child support, though not retroactive to the filing of Merritt's counter-motion; and the offsetting of the parties' claims for medical expenses.

The issue of attorney's fees and costs was presented to the trial court for determination. Sanders' attorney testified concerning his qualifications, experience, and hourly rate, which he stated was reasonable and customary. He offered into evidence his fee bills and testified that Sanders had incurred $45,313 in fees and $2,306.51 in costs for the entire proceeding. Of that total, he testified that $8,820 in fees and $1,500 in costs were directly related to his motion for enforcement. On cross-examination, Merritt's attorney elicited testimony that Merritt had incurred her own attorney's fees, that Sanders did not obtain the modification of possession he had sought,

2

and that the settlement did not include retroactive child support. Sanders also offered into evidence a copy of the deposition of Merritt, in which she admitted to one of the alleged violations of the court's order concerning possession. The trial court rendered an order finding that the parties had agreed to modification and ordering the agreed modification. The trial court further found that the parties had "reached an agreement pertaining to . . . alleged violations" regarding possession and ordered that Sanders was awarded 11 "additional days of possession to compensate for his missed periods of possession." Under a subsection entitled "Attorney's Fees," the trial court ordered that Merritt pay $1,500 in "costs."

The trial court subsequently issued an Order on Findings of Fact and Conclusions of Law, in which it incorporated verbatim its prior findings. The order also contained additional findings, including:

> 3. Movant, Dennis Sanders, attended the contested hearing in person and with his attorney of record. At trial, Movant, with counsel, chose to settle all of the contested issues except for attorney's fees, rather than participate in a complete trial that would have addressed all of the contested issues, in addition to attorney's fees.
>
> 4. The written Order was drafted by Dennis Sanders' attorney of record and presented to Dennis Sanders for his review and signature, after Judge Bill Henry rendered his judgment in open Court, based on the parties' multiple agreements and based on the child's best interest.
>
> 5. Dennis Sanders voluntarily signed the Order.
>
> 6. Dennis Sanders did not present any credible evidence at the hearing to contravene the ultimate rulings of the Court pertaining to the parties' agreements on conservatorship, possession/access, child support, and enforcement, or based on the issue of reasonable and necessary attorney's fees as presented to the Court and commensurate with his causes of action as considered in the best interest of the child.

The trial court also made the following conclusions of law:

3

1. The parties' agreements on conservatorship, possession/access, child support, and Movant's, Dennis Sanders, enforcement action, as ordered by the Court, are in the best interest of the child.

2. Movant's request for attorney's fees, as presented to the Court, were [sic] not reasonable and necessary, in light of the causes of action, the circumstances of the parents and of the child, and as considered in the best interest of the child.

3. The Court ordered reasonable and necessary attorney's fees ($1,500.00) that were based on the pleadings, evidence, argument of counsel, and the circumstances of the parents and of the child, and as considered in the best interest of the child.[2]

This appeal followed.

## DISCUSSION

In a single issue, Sanders argues that the trial court abused its discretion by failing to award the full amount of reasonable and necessary attorney's fees he incurred.[3]  Section 157.001(a) of the Family Code authorizes the filing of a motion for enforcement of a final order in a suit affecting the parent-child relationship, including an order for possession of or access to a child. *See id.* § 157.001(a).  Under section 157.167, a movant in an enforcement proceeding is entitled to recover reasonable attorney's fees "[i]f the court finds that the respondent has failed to comply with the terms of an order providing for the possession of or access to a child." *Id.* §157.167(b).  Upon such a finding, the award of attorney's fees is generally mandatory. *Id.*; *Tucker v. Thomas*,

---

[2]  Although conclusion of law No. 3 states that the trial court ordered "reasonable and necessary attorney's fees ($1,500.00)," it appears from the record as a whole that the award was for costs, not attorney's fees.  Sanders' attorney testified that Sanders had incurred $1,500 in costs, and all other record references are to the award of $1,500 in "costs."  In addition, the trial court made a separate conclusion of law stating that Sanders' request for attorney's fees was not reasonable and necessary.

[3]  Merritt did not file an appellate brief.

4

419 S.W.3d 292, 296 (Tex. 2013). "[F]or good cause shown, the court may waive the requirement that the respondent pay attorney's fees and costs if the court states the reasons supporting that finding." Tex. Fam. Code § 157.167(c); *see Russell v. Russell*, 478 S.W.3d 36, 40 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Here, the trial court made no finding that Merritt failed to comply with the terms of the order providing for the possession of or access to the child. Sanders argues that he "successfully prosecuted" his motion for enforcement because he testified to Merritt's violations of the prior orders, offered into evidence Merritt's deposition testimony in which she admitted to one violation, and was awarded 11 additional days of possession. However, before the trial court ruled, the parties settled all issues except the issue of Sanders' attorney's fees and costs. The trial court made no determinations regarding the enforcement and modification issues, finding only that the parties entered into an agreement regarding the "alleged violations" and expressly finding that Sanders "chose to settle all of the contested issues except for attorney's fees, rather than participate in a complete trial that would have addressed all of the contested issues, in addition to attorney's fees." Sanders points us to the language in the trial court's order stating that he was awarded 11 days of additional possession time "to compensate for his missed periods of possession." However, read in context, the quoted phrase simply refers to what the parties agreed to in settlement of the "alleged violations" and does not constitute a "finding" by the trial court that Merritt violated the court's order.

Absent a finding by the court that Merritt failed to comply with the terms of the prior orders, the mandatory award of attorney's fees under section 157.167(b) was not triggered. *See In the Interest of C.S.*, No. 11-12-00294-CV, 2014 Tex. App. LEXIS 2593, at *10–11 (Tex.

5

App.—Eastland Mar. 6, 2014, no pet.) (mem. op.) (applying analogous section 157.167(a), which provides for mandatory attorney's fees if court finds respondent failed to make child support payments, and holding that where trial court did not find that respondent failed to make child support payments, movant was not entitled to attorney's fees); *Lee v. Kaufman*, No. 03-10-00148-CV, 2011 Tex. App. LEXIS 6969, at *11 (Tex. App.—Austin Aug. 26, 2011, no pet.) (mem. op.) (concluding that where trial court denied motion to enforce, it did not err in failing to award attorney's fees under section 156.167); *cf. Fedorov v. Cavuto*, No. 03-14-00430-CV, 2016 Tex. App. LEXIS 4668, at *1, *10–12, *25–26 (Tex. App.—Austin May 4, 2016, pet. denied) (mem. op.) (upholding trial court's award of attorney's fees under section 157.167 where, following parties' settlement on substantive issues, trial court incorporated terms of settlement agreement into final order and expressly found that respondent had taken actions in violation of agreed divorce decree). We conclude that the trial court did not err in failing to award attorney's fees.

Sanders also argues that the trial court failed to made a good cause finding before declining to award attorney's fees, as required by section 157.167(c). *See* Tex. Fam. Code § 157.167(c). However, because the award of attorney's fees was not mandatory here, the trial court was not required to make a good cause finding under section 157.167(c) before declining to award Sanders attorney's fees. *See id.* § 157.167(b), (c); *In the Interest of L.R.S.*, No. 02-09-00244-CV, 2011 Tex. App. LEXIS 1589, at *24 (Tex. App.—Fort Worth Mar. 3, 2011, no pet.) (mem. op) (concluding that where trial court determined that respondent had not violated order, trial court was not required to make good cause finding before denying request for attorney's fees under section 157.167). Further, even if the mandatory award of attorney's fees had been triggered in this case, the record reflects that the trial court stated its reasons for finding good cause to waive the

6

requirement that the trial court award attorney's fees. *See* Tex. Fam. Code § 157.167(c). The trial court found that Sanders "did not present any credible evidence at the hearing . . . based on the issue of reasonable and necessary attorney's fees as presented to the Court and commensurate with his causes of action as considered in the best interest of the child." And the trial court expressly stated in its conclusions of law that Sanders' request for attorney's fees was "not reasonable and necessary, in light of the causes of action, the circumstances of the parents and the child, and as considered in the best interest of the child" and that the award of $1,500 was "reasonable and necessary based on the pleadings, evidence, argument of counsel, and the circumstances of the parents and of the child, and as considered in the best interest of the child."

Sanders does not challenge these findings and conclusions. "We defer to unchallenged findings of fact that are supported by some evidence." *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014); *see Rich v. Olah*, 274 S.W.3d 878, 884 (Tex. App.—Dallas 2008, no pet.) ("Unchallenged findings of fact are binding on the parties and appellate court."). On this record, we conclude that the trial court's findings were supported by some evidence. *See Tenaska Energy*, 437 S.W.3d at 523; *Rich*, 274 S.W.3d at 884. Further, the binding, unchallenged findings support the trial court's conclusions of law regarding attorney's fees, and we cannot conclude on this record that the conclusions were erroneous as a matter of law. *See Condom Sense, Inc. v. Alshalabi*, 390 S.W.3d 734, 749 (Tex. App.—Dallas 2012, no pet.) (stating that appellate court may reverse trial court's judgment only if its conclusions are erroneous as matter of law); *Thomas v. Cornyn*, 71 S.W.3d 473, 485 (Tex. App.—Austin 2002, no pet.) (same). Nor does Sanders argue that these findings and conclusions were insufficient to meet the requirements of section 157.167(c); rather, Sanders contends that the trial court made "[n]o good cause finding . . .

7

nor any statement as to the reasons supporting such a finding." We cannot agree. Even if an award of attorney's fees had been mandated in this case, we would conclude that the trial court's findings and conclusions concerning attorney's fees sufficiently stated a finding of good cause for waiving the requirement of attorney's fees and sufficiently explained the trial court's reasons under the requirements of section 157.167(c) for finding such good cause. *See* Tex. Fam. Code § 157.167(c) (requiring that trial court state reasons to support finding of good cause for waiving requirement for award of attorney's fees, but not requiring use of terms "good cause" or "waive"). We overrule Sanders' issue.

## CONCLUSION

Having overruled Sanders' sole issue, we affirm the trial court's order.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed

Filed:   August 2, 2017

8