TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00074-CV







The City of Fort Worth and Gary W. Jackson, Appellants


v.


John W. Cornyn, Attorney General of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. 99-12126, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING




 This appeal in a declaratory judgment action presents the issue of whether section
552.108(b)(1) of the Texas Public Information Act authorizes the City of Fort Worth to withhold 
from an individual seeking a position as a police officer background and reference information it
obtains from third parties as part of its evaluation of his employment application. See Tex. Gov't
Code Ann. § 552.108 (b)(1) (West Supp. 2002). We hold that section 552.108(b)(1) does not permit
the City to withhold such documents from a police officer applicant making a valid disclosure
request under the Act. In so holding, we overrule appellants' sole issue and affirm the judgment of
the district court.


I. FACTUAL AND PROCEDURAL BACKGROUND

 The events giving rise to this suit stem from the City of Fort Worth's response to
Frederick Tiede's application for employment as a police officer. After conducting a background
investigation, administering tests to and interviewing Tiede, the City notified him of its decision not
to hire him as a police officer. Thereafter, Tiede submitted an open records request to the City
asking for "copies of any documents or information to which I am entitled for the purpose of
discovering the basis of your determination regarding my application with the Forth Worth Police
Department." Believing the information to be exempt from disclosure, the City requested a decision
from the Attorney General regarding the applicability of section 552.108 of the Texas Government
Code ("the law enforcement exception"), which permits the government to withhold internal records
that relate to and, if released, would interfere with law enforcement. See id.; see also id.
§ 552.301(a) ("A governmental body that receives a written request for information that it wishes
to withhold from public disclosure and that it considers to be within one of the exceptions under [the
Act] must ask for a decision from the attorney general about whether the information is within that
exception . . . .").

 The Attorney General issued an informal letter ruling stating, inter alia, that section
552.108(b)(1) did not apply to documents containing information relating to the City's investigation
into an applicant's fitness for being a police officer. Tex. Att'y Gen. ORD-2784 (1999). The
Attorney General advised the City that it could not withhold from the rejected applicant the
information he requested. Id. Pursuant to section 552.324 of the Public Information Act, the City
filed a declaratory judgment action in district court challenging the Attorney General's ruling. See
Tex. Gov't Code Ann. § 552.324.

 Before the district court, the City took the position that the information it obtained
in connection with evaluating Tiede's application for employment as a police officer constituted
internal records of the police department. The City asserted that, because it maintained such records
for internal use in matters relating to law enforcement, i.e., selecting "the most highly qualified
individuals to detect, investigate, and prosecute crime," the records were exempt from the Act's
disclosure requirements. See id. § 552.108(b). Both parties filed summary judgment motions. The
district court rendered judgment denying the City's motion and granting the Attorney General's. On
appeal to this Court, the City challenges that judgment.


II. STANDARD OF REVIEW

 The City's appeal does not raise factual issues about the nature of the information
sought. Therefore, the question before this Court is one of law which we review de novo. See City
of Garland v. Dallas Morning News, 22 S.W.3d 351, 356 (Tex. 2000); Natividad v. Alexsis, Inc., 875
S.W.2d 695, 699 (Tex. 1994). On cross-motions for summary judgment, each party bears the burden
of establishing that it is entitled to judgment as a matter of law. See Guynes v. Galveston County,
861 S.W.2d 861, 862 (Tex. 1993). When the district court grants one party's motion and denies the
other's, the reviewing court should determine all questions presented and render the judgment that
the court below should have rendered. See Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex.
1997). If the district court fails to specify the grounds for granting summary judgment, the reviewing
court must affirm the district court's judgment if any of the grounds asserted by the prevailing party
are meritorious. FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000). Here,
although the district court did not specify the grounds on which it rendered judgment, because the
Attorney General's motion is based only on the law enforcement exception, we must affirm the
judgment only if that argument has merit. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 677 (Tex. 1979); Arlington Indep. Sch. Dist. v. Texas Att'y Gen., 37 S.W.3d 152, 157 (Tex.
App.--Austin 2001, no pet.).


III. ANALYSIS

A. The Controversy

 On appeal, the City's only contention is that "items dealing with the confidential
character recommendation letters and confidential background information obtained from third
parties" are exempt from disclosure under the law enforcement exception. (1) The crux of the City's
argument is that, because it must make prudent, informed decisions regarding its initial
determination of whether to hire a police officer applicant, the information it obtains from third
parties in furtherance of that objective is "related to law enforcement." The City then contends that
disclosing such information to the applicant requestors would discourage third parties from
providing candid evaluations of applicants, without which, the City asserts, it could not properly
evaluate an applicant's qualifications. Therefore, argues the City, the requested information is
exempt from disclosure pursuant to section 552.108(b)(1). (2) The Attorney General disagrees,
asserting that the law enforcement exception "does not apply to administrative records that relate
solely to the City's hiring process for a police officer." To fully understand the merits of the parties'
respective arguments, we begin with a brief history of the Texas Public Information Act.


B. Texas Public Information Act

 Using the Federal Freedom of Information Act as a model, in 1973 the Texas
Legislature enacted the Texas Open Records Act, now known as the Texas Public Information Act. (3)
 
The effect of the TPIA is to permit private citizens to obtain documents held by governmental
entities and officials. See generally Tex. Gov't Code Ann. §§ 552.001-.353 (West 1994 & Supp.
2002). In clear and unequivocal language, the TPIA mandates that "each person is entitled, unless
otherwise expressly provided by law, at all times to complete information about the affairs of
government and the official acts of public officials and employees." Id. § 552.001(a) (West 1994). 
This notion of full disclosure is premised on the basic principle "that government is the servant and
not the master of the people," and to retain control over the government that they created, the people
must remain informed. Id.

 The statute's intent to prevent the government from withholding all but the most
sensitive documents is evidenced by the Legislature's directives in section 552.001, requiring courts
to liberally construe the TPIA in favor of granting a request for information, and section 552.006,
providing that the Act "does not authorize the withholding of public information or limit the
availability of public information to the public, except as expressly provided." Id. §§ 552.001(a),
(b), .006 (West 1994 & Supp. 2002). To withhold information, a governmental body must establish
that the requested information is not subject to the Act, or, withholding the information is permitted
by one of the TPIA's enumerated exceptions to disclosure. See Thomas v. Cornyn, 71 S.W.3d 473,
490 (Tex. App.--Austin 2002, no pet.) (holding government, not the requestor, must "produce
evidence that an exception to disclosure applies"). Whether information is subject to the Act and
whether an exception to disclosure applies are questions of law. A & T Consultants v. Sharp, 904
S.W.2d 668, 674 (Tex. 1995). Here, the parties do not dispute that the requested documents are
public information as defined by the Act; rather, the only question is whether the City may withhold
that information pursuant to section 552.108(b)(1).


C. The Law Enforcement Exception

 The law enforcement exception contains three subsections. See Tex. Gov't Code
Ann. § 552.108(a)-(c) (West Supp. 2002). The specific provision at issue in this appeal is subsection
(b)(1), which provides:


An internal record or notation of a law enforcement agency or prosecutor that is
maintained for internal use in matters relating to law enforcement or prosecution is
excepted from the requirements of [disclosure] if . . . release of the internal record or
notation would interfere with law enforcement or prosecution[.]


Id. § 552.108(b)(1). (4) The parties do not contend that this provision is ambiguous; rather, each party
maintains that the other's interpretation of the statute is contrary to its plain language and the
legislative intent.

 To interpret this provision, we adhere to the well-settled principles of statutory
construction. In applying the plain and common meaning of a statute, a court may not by implication
enlarge the meaning of any word in the statute beyond its ordinary meaning, especially when the
court can discern the legislative intent from a reasonable interpretation of the statute as it is written. 
Sorokolit v. Rhodes, 889 S.W.2d 239, 241 (Tex. 1994). Courts should be careful not to give one
provision a meaning out of harmony or inconsistent with other provisions, although it might be
susceptible to such a construction standing alone. Barr v. Bernhard, 562 S.W.2d 844, 849 (Tex.
1978). To be sure, a court must presume that the Legislature intends an entire statute to be effective
and that a just and reasonable result is intended. Tex. Gov't Code Ann. § 311.021(2), (3) (West
1998). Thus, even when a statute is not ambiguous on its face, a court may consider numerous
factors to determine the Legislature's intent, including: the object sought to be obtained; the
circumstances of the statute's enactment; the legislative history; the common law or former statutory
provisions, including laws on the same or similar subjects; the consequences of a particular
construction; the administrative construction of the statute; and the title, preamble, and emergency
provisions. Id. § 311.023; Ken Petroleum Corp. v. Questor Drilling Corp., 24 S.W.3d 344, 350
(Tex. 2000).

 The plain language of section 552.108(b)(1) sets forth three requirements that must
be met to withhold information under that provision: the information must (i) be an internal record
or notation (ii) maintained for internal use relating to law enforcement and, (iii) if released, interfere
with law enforcement. Tex. Gov't Code Ann. § 552.108(b)(1). Because the parties do not dispute
that the requested documents are maintained for internal use, we focus on whether they relate to, and
their release would interfere with, law enforcement.

 The City urges us to follow a federal court of appeals' opinion that found that
information obtained as part of a pre-employment background investigation was related to law
enforcement and therefore exempt from disclosure. See Mittleman v. Office of Personnel Mgmt.,76
F.3d 1240, 1243 (D.C. Cir. 1996). In Mittleman, the court began its analysis with a discussion of
the federal law relating to background investigations, noting that such investigations were authorized
by executive order, as well as other provisions of federal law, to ensure that employing "the person
being investigated [was] clearly consistent with the interest of national security." Id. (citing, inter
alia, 5 U.S.C. §§ 1104, 1303-1305, 2301, 3301, 7312, 2455, and Executive Order No. 10450). Next,
the court noted the multi-purpose objectives behind background checks, namely, to ensure that a
prospective employee is not ineligible for the position as a result of prior violations of the law and
discovering past conduct that could affect his ability to fulfill the position's requirements. Id. 
Finally, the court reasoned that, because "'enforcement' of the law fairly includes not merely the
detection and punishment of violations of law but their prevention," background investigations were
related to law enforcement. Id. 

 Giving due consideration to the distinctions between the Freedom of Information Act
and the TPIA, and the paucity of the Mittleman court's analysis, we conclude that the present case
is sufficiently distinguishable from Mittleman to warrant a contrary result. See Holmes v. Morales,
924 S.W.2d 920, 925 (Tex. 1996) ("When the Texas Legislature used the FOIA as a model for the
Texas Open Records Act, it appears to have intentionally declined to limit its law enforcement
exception in the manner the United States Congress chose."). In reaching its decision, the Mittleman
court failed to consider the history or purpose of the FOIA and was further influenced by its
consideration of other federal law concerning background investigations. Additionally, the court
offered no support for its holding, other than a conclusory assertion, that because law enforcement
encompassed the prevention of crime, background investigations conducted to assess an applicant's
qualification must relate to law enforcement. We are not persuaded by such reasoning. Unlike its
federal counterpart, the TPIA "contains a strong statement of public policy favoring public access
to governmental information and a statutory mandate to construe the Act to implement that policy
and to construe it in favor of granting a request for information." City of Garland, 22 S.W.3d at 364. 
The singularity of the TPIA alone warrants our decision to depart from the Mittleman court's
reasoning.

 In its brief, as in the court below, the City relies on Fort Worth Police Chief Ralph
Mendoza's affidavit to establish that the requested documents are exempt from disclosure. Chief
Mendoza's affidavit, however, is conclusory and fails to explain either how the requested
information relates to law enforcement or in what manner releasing such information would interfere
with law enforcement. Mendoza asserts that "[t]he records at issue are records or notations
maintained by the Fort Worth Police Department for internal use in matters related to law
enforcement. They relate to a civil investigation of a potential police officer and were developed and
maintained only for use in an internal hiring decision." None of Mendoza's statements, however,
support the conclusion that the requested documents relate to law enforcement as the term is
commonly understood.

 The City admittedly conducts its "civil investigation" not in its official capacity as
the Fort Worth Police Department acting under the color of law, but as a potential employer. We
do not believe that the Legislature intended section 552.108 to permit a police department to
withhold information related solely to its hiring decisions. Instead, the exception evidences the
Legislature's recognition of the peculiar considerations release of internal police records could have
on a police department's ability to enforce the law. See Tex. Att'y Gen. ORD-287 (1981) (stating
that "the 'law enforcement' exception was not intended by the legislature to shield from public view
information in the hands of police units that . . . would ordinarily be available to the public if
possessed by a different governmental unit"). When a police department acts as an employer, its
concerns are similar to those of other governmental agencies--to hire the most qualified
applicants--and, when acting in such a capacity, its activities do not "relate to law enforcement." 
That there may be incidental effects stemming from an initial hiring decision is insufficient, we
believe, to warrant a strained reading of section 552.108 that would result in denying an applicant
requestor information not clearly specified by that exception. To find otherwise would also be
inconsistent with the Legislature's directive to liberally construe the Act in favor of disclosure. 
Further, to conclude that the requested information is exempt from disclosure, we would be ignoring
the special purpose behind the law enforcement exception and would bestow upon police
departments a withholding privilege not available to any other government employer. Accordingly,
we cannot say that background and reference information obtained from third parties in the ordinary
course of conducting a background investigation is related to law enforcement.

 Nor can we conclude that such information would, if released, interfere with law
enforcement. To establish this element, the City again refers us to Mendoza's affidavit, in which he
avers: "Release of this type of information will deprive the Fort Worth Police Department of the
ability to hire the best candidates for its police force because . . . [it] would have a chilling effect on
citizens who would be willing to comment on an applicant only if their identity was kept
confidential." While this statement may well be true, we cannot say that release of background and
reference information obtained from third parties would have any effect on the City's ability to
enforce the law, at least not in the manner contemplated by the Legislature in enacting section
552.108. Cf. Hubert v. Harte-Hanks Tex. Newspapers, 652 S.W.2d 546, 551 (Tex. App.--Dallas
1983, writ ref'd n.r.e.) (rejecting argument that "qualified candidates for university administrative
positions would be discouraged from applying for a position if they thought their names might be
disclosed" and stating, "While this factor might persuade the legislature to create an Open Records
Act exception for such applicants, it is not evidence of a 'clearly unwarranted invasion of personal
privacy' under . . . the Open Records Act."). A more reasonable interpretation of the statutory
language reveals that the type of internal records that could interfere with law enforcement are those
that would divulge a police department's methods, techniques, and strategies for preventing and
predicting crime. See A & T Consultants, Inc., 904 S.W.2d at 678. Examples of these types of
documents include: police officer training guides, policy and procedure manuals, shift change
schedules, security details, and blueprints of secured facilities. See, e.g., Tex. Att'y Gen. LR2002-0159 (2002) (shift rosters); Tex. Att'y Gen. LR2001-32 (2001) (policy and procedure manuals); Tex.
Att'y Gen. ORD-413 (1984) (security details at execution). Releasing these types of documents
would make available information that would make it more difficult for police officers to perform
their mission. See A & T Consultants, Inc., 904 S.W.2d at 678.

 Absent clear and unequivocal language to the contrary, we may not presume that the
Legislature intended to include within the scope of section 552.108, as "information relating to law
enforcement," background and reference information obtained from third parties as part of the City's
application-review process. Were we to interpret section 552.108(b)(1) to include pre-employment
background and reference information obtained from third parties, we believe we would be
extending beyond permissible bounds the statute's plain language. In three separate instances, the
statute links the words law enforcement and prosecutor. See Tex. Gov't Code Ann. § 552.108(b)(1). 
The doctrine of construction--noscitur a sociis--teaches that "the meaning of particular terms in a
statute may be ascertained by reference to words associated with them in the statute; and that where
two or more words of analogous meaning are employed together in a statute, they are understood to
be used in their cognate sense, to express the same relations and give color and expression to each
other." County of Harris v. Eaton, 573 S.W.2d 177, 181 (Tex. 1978).

 Under this rule of construction, we construe the phrases "information relating to law
enforcement" and "would interfere with law enforcement" in reference to the type of information
that would also "relate to prosecution" or "interfere with prosecution." See id. at 179. So doing, we
conclude that the phrase "law enforcement," in light of the immediately following words
"prosecutor" or "prosecution," evidences an intent by the Legislature to include within the law
enforcement exception only that type of information that relates to violations of the law. If, instead
of limiting the scope of the law enforcement exception as we do, we accepted the City's argument
that any activity engaged in by a police department is exempt from disclosure under section 552.108,
we would allow the exception to swallow the rule. See City of Garland, 22 S.W.3d at 364; Arlington
Indep. Sch. Dist., 37 S.W.3d at 158. Because everything a police department does arguably involves
law enforcement, were we to adopt the City's interpretation, none of a police department records
would be subject to disclosure. See Tex. Att'y Gen. ORD-287 (1981) ("In one sense, any
information that a law enforcement agency possesses may someday become useful to it in the
discharge of its law enforcement duties . . . .").

 The more reasoned approach, and the one we adopt, limits section 552.108(b)(1) to
that type of information which, if released, would permit private citizens to anticipate weaknesses
in a police department, avoid detection, jeopardize officer safety, and generally undermine police
efforts to effectuate the laws of this State. Although the term "law enforcement" is not statutorily
defined, it is commonly understood to contemplate a state official acting under the color of law. 
Thus, construing section 552.108 as a whole, we believe that section 552.108(b)(1)'s "relating to law
enforcement" requirement evidences an intent by the Legislature to exempt from disclosure
documents that facilitate a police department's ability to actively anticipate, plan for, and react to
violations of the law, not information obtained from third parties as a result of a pre-employment
investigation.

 Our conclusion gives effect to, but does not infringe upon, the other two categories
of information excepted by subsections (a) and (c) (5) and is supported by numerous attorney general
opinions interpreting the scope of section 552.108. Although attorney general opinions are not
binding on this Court, we consider them persuasive authority and accordingly give them due
consideration. Arlington Indep. Sch. Dist., 37 S.W.3d at 159. We find particularly instructive a
1983 attorney general ruling construing the forerunner of section 552.108 to require disclosure of
information compiled by the Harris County Sheriff's Department as part of its background
investigation of an applicant. See Tex. Att'y Gen. ORD-361 (1983). In that case, the sheriff's
department resisted disclosure, asserting that the information was related to law enforcement because
the background information might reveal "any problems a person might have in fulfilling his
employment responsibilities." Id. at 3. As in this case, the sheriff's department argued that releasing
the information would discourage other people from coming forward with similar information in the
future. Id. Rejecting both arguments, the Attorney General determined that the law enforcement
exception did not authorize the Harris County Sheriff's Department to withhold the results of its
background investigation. Id. In addition to ORD-361, there are numerous attorney general opinions
similarly construing the scope of the law enforcement exception. See, e.g., Tex. Att'y Gen. LR2001-0032 (2001) (finding section 552.108 exempted from disclosure policy and procedure documents
but not a police department's internal administrative investigations not involving an investigation
of crime); Tex. Att'y Gen. ORD-531 (1989) (holding that detailed use-of-force guidelines were
exempt from disclosure because disclosure would interfere with law enforcement and crime
prevention); Tex. Att'y Gen. ORD-456 (1987) (explaining that the law enforcement exception
protects "information which, if revealed, might endanger the life or physical safety of law
enforcement personnel"); Tex. Att'y Gen. ORD-71 (1986) ("The public has an obvious interest in
having access to information concerning the qualifications and performances of governmental
employees, particularly employees who hold positions as sensitive as those held by members of a
sheriff's department."). That the Legislature has had numerous opportunities to address the Attorney
General's construction of the Act, but has failed to do so, adds to the persuasiveness of these
opinions.

 The TPIA was intended to provide the public with broad access to government
documents. The Act includes specific language directing courts and government agencies to liberally
construe its provisions in favor of disclosure. It also provides that the government may not withhold
information unless an express provision of law authorizes it to do so. Texas courts have consistently
adhered to these requirements by narrowly construing the type of information that may be withheld
under the statute's exceptions. Following this precedent, we hold that section 552.108(b)(1) does
not exempt from disclosure to an applicant requestor documents obtained by a police department
from third parties for the sole purpose of evaluating an applicant's qualifications. While it is clear
that the law enforcement exception evidences an intent by the Legislature to permit government
agencies to withhold internal documents that would enable citizens to circumvent policies,
procedures, and techniques used by police departments in carrying out their missions, we are certain
that it was not intended to prevent an applicant requestor from obtaining information provided by
third parties that is unrelated to the actual enforcement of the law, i.e., information the City uses for
the sole purpose of evaluating the applicant's fitness for employment. See Ken Petroleum Corp.,
24 S.W.3d at 350. Thus, we hold that the law enforcement exception does not permit the City to
withhold from an applicant requestor background and reference information it obtained from third
parties to aid in its determination of whether to hire the police officer applicant. We overrule the
City's sole issue.


IV. CONCLUSION

 The Texas Public Information Act does not authorize the withholding of information
from the public except as expressly provided. Having determined that section 552.108(b)(1) does
not exempt from disclosure to an applicant requestor background and reference information obtained
from third parties solely to aid a police department in its hiring decisions, we overrule the City's sole
issue and affirm the judgment of the district court.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: September 12, 2002

Publish
1.    In the court below, the City argued that, in addition to the character references and
background information it obtained from third parties, the tests it administered to Tiede and the
interviews it conducted with him were also exempt from disclosure. In this appeal, we address solely
the applicability of the law enforcement exception to background and reference information, as it
is the only ground asserted by the City as a basis for withholding that information.
2.    Our references to "the requested documents/information" throughout this opinion are
intended to refer only to the background and reference information the City contends is exempt from
disclosure.
3.   See Act of June 14, 1973, 63d Leg., R.S., ch. 424, 1973 Tex. Gen. Laws 1112 (amended
1993) (current version at Tex. Gov't Code Ann. §§ 552.001-.353 (West 1994 & Supp. 2002)); Act
of May 29, 1995, 74th Leg., R.S., ch. 1035, § 29, 1995 Tex. Gen. Laws 5127, 5142 (effective Sept.
1, 1995) (renaming Texas Open Records Act as Texas Public Information Act); City of Garland, 22
S.W.3d at 355 (stating Federal Freedom of Information Act used as model for Texas Open Records
Act).

4.    In its entirety, section 552.108(b) reads:


 An internal record or notation of a law enforcement agency or prosecutor that is
maintained for internal use in matters relating to law enforcement or prosecution
is excepted from the requirements of Section 552.021 if:



 release of the internal record or notation would interfere with law
enforcement or prosecution;

 the internal record or notation relates to law enforcement only in relation to
an investigation that did not result in conviction or deferred adjudication; or

 the internal record or notation: 

 
 is prepared by an attorney representing the state in anticipation of or in
the course of preparing for criminal litigation; or

 reflects the mental impressions or legal reasoning of an attorney
representing the state.

 


Tex. Gov't Code Ann. § 552.108(b) (West Supp. 2002). Because the Legislature's amendments to
this provision subsequent to this suit do not affect our analysis, we refer to the current Code for
convenience.
5.    In construing subsection (b), we must be careful not to ascribe to it a meaning that would
be inconsistent with or render meaningless subsections (a) and (c). See Continental Cas. Ins. Co.
v. Functional Restoration Assocs., 19 S.W.3d 393, 402 (Tex. 2000) (stating courts should give effect
to all words of a statute and, if possible, avoid treating any statutory language as mere surplusage). 
Subsection (a) permits documents relating to the detection, prosecution, and prevention of crime to
be withheld from public disclosure. Tex. Gov't Code Ann. § 552.108(a) ("Information held by a law
enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime
is excepted from the requirements of" disclosure if it falls within one of the four enumerated
subsections.). Subsection (c) provides that basic information pertaining to an arrested person, an
arrest, or a crime is not excepted from the Act's disclosure requirements. Id. § 552.108(c) ("This
section does not except from the requirements of [disclosure] information that is basic information
about an arrested person, an arrest, or a crime."). Subsection (b), then, pertaining to internal records
maintained for matters relating to law enforcement or prosecution, must encompass something other
than those associated with traditional police activity (as described in subsection (a)) and information
of a statistical nature (as described by subsection (c)). See id. § 552.108(a), (c). The distinction
between subsection (b) and subsections (a) and (c), then, is that the latter subsections explicitly
encompass matters relating to traditional law enforcement, i.e., ferreting out criminal behavior and
apprehending law offenders; the former is intended to protect internal police policies, procedures,
and techniques used to combat crime.